**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4257**

———————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CURTIS JERMAINE MALLOY, a/k/a Quest,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.   (5:10-cr-00362-BO-1)

———————

Submitted:  December 18, 2012      Decided:  January 16, 2013

———————

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Jermaine Malloy pled guilty without a plea agreement to distribution of a quantity of crack cocaine, 21 U.S.C. § 841(a)(1) (2006). Subsequently, he pled guilty pursuant to a plea agreement to distribution of five grams or more of crack cocaine and witness tampering, 18 U.S.C. § 1512(b) (2006). Malloy was sentenced to 180 months on each count, to run concurrently.

He now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), claiming that Malloy should have received a reduction in his offense level based upon acceptance of responsibility, but stating that there are no meritorious issues for review. Malloy has filed a pro se brief, also claiming entitlement to the reduction. We affirm.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). We first decide whether the district court correctly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the

2

selected sentence.  Id. at 575-76; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).  If the sentence is free of significant procedural error, we then review the substantive reasonableness of the sentence.  Lynn, 592 F.3d at 575.

Malloy contends that the district court erred when it refused to reduce his offense level based on acceptance of responsibility.  We review the denial of the adjustment for clear error.  United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007).  To receive a reduction, the defendant must establish, "by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct."  United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996).  Because the sentencing court "is in a unique position to evaluate a defendant's acceptance of responsibility," USSG § 3E1.1 cmt. n.5, we afford great deference to the district court's determination.  Dugger, 485 F.3d at 239.

Testimony at sentencing established that, while awaiting sentencing, Malloy wrote a letter to a friend, instructing the friend to place two guns in an abandoned house. Malloy stated his intention to inform authorities of the guns' location and to place responsibility for the firearms upon another individual who at the time was awaiting sentencing on federal charges.  Malloy confessed that his purpose was to

3

shorten his own sentence by providing this false information. Such conduct is inconsistent with that of a defendant who has recognized and accepted personal responsibility for his crimes. Accordingly, we conclude that the district court did not clearly err in denying the reduction for acceptance of responsibility. We further find that Malloy's sentence is procedurally and substantively reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Malloy's convictions and sentence. The motion to dismiss the appeal is denied. This court requires that counsel inform Malloy, in writing, of his right to petition the Supreme Court of the United States for further relief. If Malloy requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may then move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Malloy.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>